# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

**STERNS & WEINROTH**
**A Professional Corporation**
Jason S. Feinstein (JF - 8008)
Douglas J. McDonough (DM-0973)
50 West State Street
Suite 1400
P.O. Box 1298
Trenton, New Jersey  08607-1298
(609) 392-2100
Attorneys for Defendant, Schachter and Portnoy, LLC

| | |
|---|---|
| In re:<br><br>DAVID KOBRYN and NICOLE KOBRYN,<br><br>Debtors. | Case No.: 09-36163 (MS)<br><br>Chapter 7 |
| DAVID KOBRYN and NICOLE KOBRYN,<br><br>Plaintiffs,<br><br>vs.<br><br>SCHACHTER and PORTNOY, LLC<br><br>Defendants. | Adv. Pro. No.: 09-2721 (MS)<br><br>ANSWER TO COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT |

Defendant Schachter and Portnoy, LLC ("Defendant"), by way of answer to the complaint of Plaintiffs David and Nicole Kobryn ("Plaintiffs"), states as follows:

### AS TO INTRODUCTION

1. Defendant denies that the Defendant violated the provisions of the Fair Debt Collection Practices Act ("FDCPA"). The remaining allegations set forth in Paragraph 1 set forth legal conclusions as to which no response is required.  If a response is deemed required,

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and leaves the Plaintiffs to their proofs.

### As To Jurisdiction and Venue

2. Defendant admits only that jurisdiction is conferred on this Court. Defendant denies the remaining allegations contained in Paragraph 2.

3. Defendant admits the allegations contained in Paragraph 3.

4. Defendant admits that the Court has supplemental jurisdiction.

5. Defendant denies that the Defendant violated the provisions of the FDCPA. Defendant admits the remaining allegations contained in Paragraph 5.

6. Defendant admits that this is a core proceeding. The remaining provisions of Paragraph 6 require no response from the Defendant.

7. Defendant admits that venue is proper.

### AS TO PARTIES

8. Plaintiffs' Chapter 7 petition, as a writing, speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 7.

9. Plaintiffs' Chapter 7 petition and the Notices, as writings, speak for themselves.

10. Defendant admits that Defendant's office is located at 3490 US Route 1, Princeton, New Jersey, 08540. The remaining allegations set forth in Paragraph 10 set forth legal conclusions as to which no response is required. If a response is deemed required, Plaintiffs are left to their proofs.

## AS TO FACTUAL ALLEGATIONS

11. Defendant's letter dated October 13, 2009, as a writing, speaks for itself. Defendant denies Plaintiffs' characterization of this letter.

12. The letter referenced in this paragraph, as a writing, speaks for itself. Defendant denies the allegation that the text of the letter violates the FDCPA.

## AS TO FIRST CLAIM:
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

13. Defendant hereby incorporates its responses to Paragraphs 1 through 12 to the Complaint as if stated herein at length.

14. Defendant denies the allegations contained in Paragraph 14.

15. Bankruptcy Code Section 523(a)(8)(A), as a writing, speaks for itself. To the extent the Plaintiffs faithfully and accurately reproduced the text of that section, no response is required.

16. Defendant denies the allegations contained in Paragraph 16.

17. Defendant denies the allegations contained in Paragraph 17.

## AS TO SECOND CLAIM:
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant hereby incorporates its responses to Paragraphs 1 through 17 to the Complaint as if stated herein at length.

19. The FDCPA, 15 USC 1692(g), as a writing, speaks for itself. Defendant denies that Defendant's letter violates the FDCPA. The remaining allegations contained in Paragraph 19 are denied.

20. Defendant denies the allegations contained in Paragraph 20.

21. Defendant denies the allegations contained in Paragraph 21.

## AS TO THIRD CLAIM:
## INFLICTION OF EMOTIONAL DISTRESS

22. Defendant hereby incorporates its responses to Paragraphs 1 through 21 to the Complaint as if stated herein at length.

23. The allegations set forth in Paragraph 23 set forth legal conclusions as to which no response is required. If a response is deemed required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and leaves the Plaintiffs to their proofs.

24. Defendant denies the allegations contained in Paragraph 24.

25. Defendant denies the allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26.

## SEPARATE DEFENSES

### FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Plaintiffs' damages, if any, are the result of the Plaintiffs' own actions or inactions.

### THIRD DEFENSE

The Plaintiffs' claims are barred by the qualified immunity of 15 U.S.C. Section 1681h(e).

### FOURTH DEFENSE

The Plaintiffs' claims may be barred or their alleged damages must be reduced to the extent the plaintiffs failed to mitigate damages or by the doctrine of avoidable consequences.

### FIFTH DEFENSE

The Plaintiffs' damages, if any, were caused by or were the result of the actions or inactions of other parties over whom Defendant had no control or right of control.

### SIXTH DEFENSE

The Plaintiffs' damages, if any, may have been proximately caused by the independent, superseding and intervening acts of parties and entities other than Defendant.

### SEVENTH DEFENSE

The Plaintiffs suffered no losses or damages by reason of any alleged actions or omissions of Defendant.

### EIGHTH DEFENSE

The Plaintiffs' claims against Defendant may be barred in whole or in part by the doctrines of waiver, release, accord and satisfaction, estoppel, latches, unclean hands, set-off and/or recoupment.

### NINTH DEFENSE

The Plaintiffs' complaint must be dismissed against Defendant because of the expiration of the applicable statute of limitations.

### TENTH DEFENSE

The Plaintiffs' claims are barred because all information Defendant communicated was true.

## ELEVENTH DEFENSE

Defendant reserves the right to add additional separate defenses as discovery progresses.

**WHEREFORE**, Defendant hereby demands judgment dismissing the complaint with prejudice, and awarding attorneys' fees and costs incurred in defending against the complaint, together with such other relief as the court deems just and proper.

                **STERNS & WEINROTH**
                A Professional Corporation,
                Attorneys for Defendant,
                Schachter and Portnoy, LLC.

                By:/s/ Jason S. Feinstein
                  JASON S. FEINSTEIN

Dated: December 4, 2009